**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| D.E.R. and S.R., individually and on behalf of D.R. | : | Civ. No. 04-2274(DRD) |
| | : | |
| Plaintiffs, | : | **O P I N I O N** |
| | : | |
| v. | : | |
| | : | |
| BOARD OF EDUCATION OF THE BOROUGH OF RAMSEY | : | |
| | : | |
| Defendant. | : | |

Rebecca K. Spar, Esq.
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
A Professional Corporation
25 Main Street
Hackensack, New Jersey 07601
        Attorney for Plaintiffs

Eric L. Harrison, Esq.
METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
P.O. Box 3012
Edison, New Jersey 08818
        Attorney for Defendants.

**Debevoise, Senior District Court Judge**

        In a May 3, 2005 opinion this court found that Plaintiffs were entitled to attorneys' fees in

the amount of one-third of a lodestar for prevailing at the administrative level with respect to the

February 5, 2004 decision of the Office of Administrative Law ("OAL") directing the Board of

Education of the Borough of Ramsey ("Ramsey") to allow D.R. to take Grade Eight Proficiency

Assessment and the OAL's April 14, 2004 order concerning Fredericka Shpetner's attendance at D.R.'s IEP meetings.  Also in its May 3, 2005 opinion this court reversed the March 26, 2004 OAL decision with respect to the least restrictive environment in eighth grade Social Studies class, exposing D.R. to the eighth grade Science curriculum, not including measurable goals and objectives in D.R.'s IEP, unilaterally deciding to grade D.R. on a pass/fail basis in Science, not providing proper written notice to Plaintiffs, the appropriateness of the Step Up Program, failing to involve non-disabled peers in D.R.'s social skills training and finding that pass/fail grades in Science discriminated against D.R.

Plaintiffs now seek the balance of the attorneys' fees they incurred in the due process hearing before the OAL as well as reasonable attorneys' fees incurred in connection with the appeal.

## I.  Fee and Expense Requests

In its May 3, 2005 opinion the court, finding that Plaintiffs were entitled to one-third of the lodestar of $112,500 for prevailing in part at the administrative level, awarded $37,500 as attorneys' fees.[1]  Having obtained a reversal of that portion of the OAL decision in which it did not prevail, Plaintiffs now seek an award of the balance of the lodestar computed with respect to the OAL proceeding in the amount of $75,000.

Plaintiffs compute the lodestar for attorney services on the appeal as follows:

|  |  |
|---|---|
| Rebecca K. Spar 444.45 hrs. @ $300 | $133,335.00 |
| Antonio Cammalleri 4.45 hrs. @ $160 | $712.00 |

_____

[1]  Originally the court awarded $29,680 as attorneys' fees, but on a motion for reargument awarded the sum of $37,500.

2

| | |
|---|---|
| Fran Pisano 1.8 hrs. @ $140 | $252.00 |
| Mary Manetas 4.95 hrs. @ $120 | $594.00 |
| Total Lodestar | $134,893.00 |

In addition Plaintiffs seeks reimbursement of $2,663.87 in expenses and $2,273.25 for deposition transcripts.

## II.  Discussion

Ramsey objects to the award of the balance of the lodestar in the proceeding before the OAL, arguing that the court previously addressed the attorneys' fee question with respect to that proceeding and awarded only one-third of the lodestar.  The reason the court awarded one-third of the lodestar was because that amount reflected the degree of Plaintiffs' success in the administrative proceeding.  However, on this appeal Plaintiffs have obtained a reversal of those portions of the OAL decision on which it did not previously prevail.  They have thereby become prevailing parties on substantially all issues before the OAL and are entitled to the total lodestar amount.  This requires payment to them of the additional amount of $75,000.

Turning to the request for attorneys' fees in the instant appeal, in its discretion the court may award attorneys' fees to a prevailing party in an IDEA action.  See 20 U.S.C. §1415(i)(3)(B).  A "prevailing party" for attorneys' fees purposes is a party that succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. John T. v. Delaware County Intermediate Unit, 318 F.3d 545, 555 (3d Cir. 2003).  A party must be successful in the sense that it has been awarded some relief by a court.  Id. at 556 (holding that the holding in Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res., 532 U.S. 598 (2001), which concerned attorneys' fees to a prevailing party under the Fair Housing

Amendments Act and the ADA, applies to the fee-shifting provision in the IDEA). "[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Id. at 555 (citation omitted). The Court of Appeals has applied a two-pronged test to determine whether parents are the prevailing party: (1) whether plaintiffs achieved relief and (2) whether there is a causal connection between the litigation and the relief from the defendant. Wheeler v. Towanda Area School Dist., 950 F.2d 128, 131 (3d Cir. 1991). Litigation is causally related to the relief if it changed the legal relations of the parties such that defendants were legally compelled to grant relief. Id. at 132.

Plaintiffs qualify as a prevailing party. They have succeeded in obtaining relief on substantially all issues in their favor. Accordingly, Plaintiffs are entitled to reasonable attorneys' fees.

Given that the Rs have met the generous "prevailing party" threshold, "[i]t remains for the district court to determine what fee is 'reasonable.'" Hensley, 461 U.S. at 433. What is reasonable is the crux of the dispute concerning the amount of attorneys' fees. Where plaintiffs' claims arise out of a common core of facts and involve related legal theories, "the most critical factor is the degree of success obtained." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). Where, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. Id. To arrive at a reasonable fee award, a district court should exercise its equitable discretion "either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." Tex. State Teachers Ass'n v.

4

Garland Indep. Sch. Dist., 489 U.S. 782, 789-790 (1989) (citing Hensley v. Eckerhart, 461 U.S. at 437 and Blanchard v. Bergeron, 489 U.S. 87, 96 (1989)).  "Accordingly, a court must reduce the fee award if 'it concludes the benefits of the litigation were not substantial enough to merit the full amount of the lodestar.'" McDonnell v. United States, 870 F. Supp. 576, 587 (D.N.J. 1994) (citation omitted).

Here, there is no occasion to reduce the award on the ground of only partial success because the plaintiffs were the prevailing parties on substantially all issues.  The only remaining question is whether the lodestar amount constitutes a reasonable fee.

Plaintiffs' attorney Rebecca A. Spar's usual billing rate became $300 per hour effective September 2, 2004.  The evidence establishes that this rate is within the range of prevailing rates charged by attorneys with similar skill and experience and who practice in the geographical area in which the dispute arose.  It is customary to charge at current rather than historical billing rates to reflect the loss suffered by reason of the delay in payment.

Ramsey's principal basis for challenging the requested award is that Plaintiffs' attorney spent too much time accomplishing certain tasks.  Ramsey characterizes as excessive 16.1 hours spent preparing 25 interrogatories, 100 requests for admissions and 64 requests for production of documents.  Ramsey contends that Plaintiffs' counsel spent 311.25 hours for preparation of Plaintiffs' legal brief.  In her certification Plaintiff's counsel asserts that she spent 237.67 hours for three briefs - 162 hours for Plaintiffs' brief in chief, 57.8 hours for their brief answering Ramsey's motion for summary judgment and 17.85 hours for a reply brief.  Given the numerousness and the complexity of the issues this is not an excessive amount of time.  Nor can the court find that 311 hours would have been excessive.  The quality and comprehensiveness of

the product resulting from this work is suggestive of the amount of time that must have been spent producing it. The court is only too well aware of the time required by both parties to address the many legal and factual issues that were involved in briefing this case.

Ramsey seeks a 25% reduction of the lodestar on account of claims on which Plaintiffs did not prevail. Of the numerous claims that Plaintiffs advanced, the only one on which the court ruled against them was with respect to whether pulling D.R. out of his class would constitute disability-based discrimination in violation of Section 504 and the ADA. The proceedings involving this claim were so inextricably entwined with the other claims that the work devoted to it cannot be accounted for separately. It provides no basis for a reduction of the lodestar.

For these considerations Plaintiffs are entitled to the full lodestar figure for all attorneys' services in connection with the appeal. There has been no objection to the request for reimbursement for expenses in the amount of $2,663.87 and for deposition transcripts in the amount of $2,273.25.

### III.  Conclusion

Plaintiffs will be awarded $75,000 attorneys' fees in connection with the administrative proceeding, $134,893 attorneys' fees in connection with the appeal and $4,937.12 for expenses and deposition transcripts. The court will file an order implementing this opinion.

Dated: July 11, 2005                     /s/  Dickinson R. Debevoise
                                        DICKINSON R. DEBEVOISE
                                        U.S.S.D.J.